# United States District Court
# Western District of New York

SHAWN GREEN,

Plaintiff,

-vs-

RICHARD MORSE and ALAN HAGER,

Defendants

DECISION & ORDER

00-CV-6533-CJS

**APPEARANCES**

For Plaintiff: Shawn Green, 97-A-801, pro se
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

For Defendants: Darren Longo, A.A.G.
New York State Attorney General's Office
New York State Department of Law
144 Exchange Boulevard, Suite 200
Rochester, NY 14614
Telephone: (585)546-7430

**INTRODUCTION**

Plaintiff Shawn Green, presently an inmate at Attica Correctional Facility, filed a pro se action, pursuant to 42 U.S.C. § 1983, alleging that while he was incarcerated at Southport Correctional Facility ("Southport") defendants violated his constitutional rights, as guaranteed by the Eighth Amendment to the United States Constitution, by subjecting him to the use of excessive force through the utilization of chemical agents during his cell

extraction. Plaintiff alleges that the use of these chemical agents caused him physical and mental injuries. The case is now before the Court on defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, defendants' motion (# 22), is denied with respect to defendants in their individual capacities, but granted with respect to defendants in their official capacities.

## BACKGROUND

In the original complaint, filed on November 6, 2000, plaintiff alleged that Richard Morse ("Morse") and Alan Hager ("Hager"), without authority, used chemical agents (tear gas) to punish him. (Compl. at 3.)[1] Defendants filed a Rule 12(c) motion for judgment on the pleadings on August 30, 2001 (#22). On June 2, 2004, plaintiff filed a Rule 56 motion for summary judgment (#33). On June 14, 2004, plaintiff filed a motion to amend his complaint (#37). The Court issued two orders on August 12, 2004, that stayed plaintiff's motion for summary judgment and his motion to amend complaint until defendants' motion for judgment on the pleadings had been resolved (#39 & 40).

## STANDARDS OF LAW

<u>Motion to Dismiss</u>

A motion for judgment on the pleadings is appropriate "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). On a Rule 12(c) motion, a court must apply the same standard as it would for a

---

[1]Plaintiff never specifies that the "chemical agent" used was, in fact, tear gas until his submission of "Memorandum of Law". (#36 at 2.)

motion to dismiss pursuant to Rule 12(b)(6). *Nelson v. Michalko*, 35 F. Supp. 2d 289 (W.D.N.Y. 1999).

"In considering a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).The court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-moving party. *Id.*; *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true). Under modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and "all pleadings shall be so construed as to do substantial justice," FED. R. CIV. P. 8(f). Moreover in regards to mental state, Rule 9(b) states, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

> Finally, while the plaintiff need not set out in detail the facts upon which he bases a claim, he must provide the "defendant fair notice of the nature of the claim and the grounds upon which it rests." *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir. 1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, they are meaningless as a practical matter and legally insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (citing *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977);

> *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976); *Powell v. Jarvis*, 460 F.2d 551, 553 (2d Cir. 1972)).

*Parisi v. Coca-Cola Bottling Co.*, 995 F. Supp. 298, 300–301 (E.D.N.Y. 1998). Additionally, since plaintiff is proceeding pro se, the Court is mindful that:

> A *pro se* complaint should not be dismissed unless "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claims which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering motions to dismiss a *pro se* complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted). This is especially true when dealing with *pro se* complaints alleging civil rights violations. *See Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). Accordingly, the plaintiffs' allegations in this case must be read so as to "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

*Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145-146 (2d Cir. 2002).

Excessive Force

Generally, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). Here, plaintiff has clearly alleged that defendants were acting under color of state law, and his Eighth Amendment rights were violated.

In specifically assessing an Eighth Amendment claim relating to the use of excessive force, the district court must consider both the subjective and objective components of the alleged violation. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). The objective component considers the "seriousness of the injury." *Id*. In that regard, the Eighth

Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Id*., *Hudson*, 503 U.S. at 6-7. "Punishments 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or 'involv[ing] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.'" *Hudson*, 503 U.S. at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976)).

As to the use of excessive force, the Second Circuit Court provided further explanation of what constitutes a violation of a prisoner's Eighth Amendment rights in *Griffin v. Crippen*:

> [T]he malicious use of force to cause harm constitutes an Eighth Amendment violation per se whether or not significant injury is evident. This result follows because when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. Nevertheless, a *de minimis* use of force will rarely suffice to state a constitutional claim. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

*Griffin v. Crippen* 193 F.3d 89, 91 (2d Cir. 1999) (citations and internal quotations omitted). Thus, even if the harm inflicted is not significant, if plaintiff can show malicious intent then the objective prong will be almost always be satisfied.

## DISCUSSION

Defendants seek dismissal of plaintiff's Eighth Amendment claim of excessive force based upon what plaintiff maintains was the unauthorized and improper use of chemical agents against him. Applying the Eighth Amendment framework discussed above, the

Court first concludes that plaintiff has met the objective requirement. In this regard, plaintiff has alleged that, because of defendants' use of tear gas, he suffered vision impairment, aggravated carpal tunnel syndrome, several forms of warts and aggravated sinus problems that resulted in surgery. Moreover, plaintiff has alleged that as a result of use of tear gas, he experienced post traumatic stress disorder, manifested in flashbacks of event, difficulty sleeping, outbursts of anger and difficulty concentrating. (Green Decl. at 2.) Plaintiff clearly has alleged more than a *de minimis* injury. *Griffin*,193 F.3d at 91.

Second, the Court determines that plaintiff has also met the subjective requirement, relating to defendants' state of mind, to establish an Eighth Amendment violation Plaintiff has stated, "defendants sought and authorized the use of tear gas maliciously and sadistically for the very purpose of causing harm." (Pl.'s Mem. of Law at 2.) As conclusory as plaintiff's claim of wanton mental state may be, this is all that is required under Rule 8(a)(2) and 9(b). *See Phelps v. Kapnolas*, 308 F.3d 180 (2d Cir. 2002). To require more than a general averment of mental state "amount[s] to a heightened pleading standard and is unwarranted under FRCP 8(a)(2)." *Id*. at 186.

Accordingly, since plaintiff has sufficiently alleged facts to satisfy both the objective and subjective prongs of an Eighth Amendment violation under 42 U.S.C. § 1983, defendants' application for judgment on the pleadings case is denied as to defendants in their individual capacities. However, judgment is granted to the defendants in their official capacities. In this regard, the Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against States absent their consent to such suit or an express statutory waiver of immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). It is well settled that states are not "persons" under § 1983,

and, thus, Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued. *Pennhurst*, 465 U.S. 89 at 199-201. Since none have consented, the Eleventh Amendment bars plaintiff's suit against the defendants in their official capacity.

**CONCLUSION**

Defendants' motion for judgment on the pleadings (# 22) is denied with respect to defendants' individual capacities; but is granted with respect to defendants in their official capacities.

IT IS SO ORDERED.

Dated: June 22, 2005
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge