# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

SHAWN GREEN (97-A-0801),

Plaintiff,

-vs-

RICHARD MORSE and ALAN HAGER,

Defendants

DECISION &  ORDER
00-CV-6533-CJS

---

## APPEARANCES

For Plaintiff:                    Shawn Green, *pro se*
                                  Southport Correctional Facility
                                  P.O. Box 2000
                                  Pine City, NY 14871


For Defendants:                   Kim S. Murphy, A.A.G.
                                  New York State Office of the Attorney General
                                  New York State Department of Law
                                  107 Statler Towers
                                  Buffalo, NY 14202


**Siragusa, J.** Defendants seek an order revoking plaintiff's *in forma pauperis* status

and dismissing his complaint on the grounds that plaintiff "has 'three strikes' under 42 [sic]

U.S.C. § 1915(g)."[1] (Def.s' Notice of Motion (# 44) at 1). Defendants also seek summary

---

[1] The Prison Litigation Reform Act of 1996 added 28 U.S.C. § 1915(g). In their Notice of Motion, defendants refer to *42* U.S.C. § 1915, and in their memorandum of law, they refer to *29* U.S.C. § 1915. The Court presumes that all references in defendants' papers to § 1915 are to *28* U.S.C. § 1915.

judgment "dismissing the complaint in all respects upon the grounds that there are no genuine issues of material facts pursuant to Rule 56…." (*Id.*) Additionally before the Court is plaintiff's motion (# 33) for summary judgment. For the reasons stated below, defendants' motion is granted in part, and plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed a complaint November 8, 2000, alleging that on December 2, 1997, defendants used a chemical agent to extract him from his cell, in violation of his Eighth Amendment right against cruel and unusual punishment. Defendants deny that they used excessive force. Rather, they maintain that any force they used was lawful and necessary to extract plaintiff after he refused direct orders to exit his cell.

## STANDARDS OF LAW

### *Summary Judgment Standard*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interroga-tories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S

FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts.

*Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. FED. R. CIV. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

### *Eighth Amendment Standard*

The Eighth Amendment to the Constitution provides that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Supreme Court has stated that,

> whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

*Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

## ANALYSIS

Both parties have submitted affidavits in support of their positions. Plaintiff claims that defendants used excessive force and defendants claim that they used lawful force. Obviously, a material issue of fact precludes summary judgment for either party on plaintiff's claims.

The Court now turns its attention to defendants' motion for an order revoking plaintiff's *in forma pauperis* status and dismissing his complaint. In that regard, 28 U.S.C. § 1915(g), states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (1996). In her declaration, which plaintiff does not dispute, Assistant New York Attorney General Kim S. Murphy states that plaintiff has filed "at least three frivolous actions or appeals so he is not entitled to *in forma pauperis* status." (Murphy Decl. ¶ 3.) The case law has labeled dismissals of the kind described in § 1915(g) as "strikes." *See Welch v. Galie*, 207 F.3d 130, 131 (2d Cir. 2000). Murphy lists the following three civil actions which she claims plaintiff filed and were frivolous: *Green v. Selsky*, No. 97-CV-6325 (dismissed on December 2, 1997); *Green v. Stelz*, No. 99-CV-5884 (dismissed on April 4, 2000); and *Green v. Selsky*, No. 97-CV-956 (dismissed on September 30, 1999). Plaintiff was granted *in forma pauperis* status by the Court in this lawsuit on February 12, 2001.[2] However, after reviewing the three previous cases listed by Murphy, and not disputed by plaintiff, the Court determines that plaintiff has indeed accumulated three "strikes" and is not entitled to *in forma pauperis* status.

---

[2]Plaintiff's form complaint does not list any of the three lawsuits described by defendants as "strikes." Nevertheless, the Court finds as undisputed that he is the plaintiff described in those lawsuits and that each prior lawsuit was dismissed for failure to state a cause of action. Plaintiff's apparent lack of candor casts doubt on his credibility.

*Green v. Selsky*, No. 97-CV-6325, a case in the Western District of New York, was dismissed on December 2, 1997 and Judge Elfvin indicated that it was a "strike"[3] for purposes of § 1915. Plaintiff was confined in Attica Correctional Facility at the time of the lawsuit and is identified on the Court's docket[4] as Shawn Green with a New York State Department of Correctional Services inmate number ("DIN") of 97-A-0801.

*Green v. Stelz*, No. 99-CV-5884, a case in the Southern District of New York, was dismissed on April 4, 2000. The docket entry in that case indicates that the lawsuit was dismissed for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). At the time, the plaintiff, identified as Shawn Green on the docket, was incarcerated in Attica Correctional Facility with a DIN of 97-A-0801. Thus, this dismissal was also a "strike" for purposes of § 1915.

Finally, *Green v. Selsky*, No. 97-CV-956, a case in the Northern District of New York, was dismissed on September 30, 1999. The docket indicates the action was

---

[3]Subsequent to the Court's decision in this case, the Second Circuit held that it is error to determine whether a dismissal meets the criteria for a "strike" at the time of the dismissal, *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004). The Court finds that since plaintiff does not oppose the characterization of the dismissal by the Court as a "strike" under 28 U.S.C. § 1915(g), it will also consider this to be a "strike." Judge Elfvin's decision and order is in the case file, which is in the Federal Records Center in Overland, Missouri. The Second Circuit's decision affirming Judge Elfvin's dismissal did not recharacterize the dismissal. *Green v. Selsky*, 165 F.3d 13 (2d Cir. 1998).

[4]Federal Rule of Civil Procedure 79(a) states, in pertinent part:

The clerk shall keep a book known as "civil docket" of such form and style as may be prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States, and shall enter therein each civil action to which these rules are made applicable. Actions shall be assigned consecutive file numbers. The file number of each action shall be noted on the folio of the docket whereon the first entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made....

dismissed for failure to state a cause of action. At the time, the plaintiff, identified on the docket as Shawn Green with a DIN of 97-A-0801, was incarcerated in the Great Meadow Correctional Facility. Therefore, this dismissal constituted plaintiff's third "strike" for purposes of § 1915. Plaintiff's appeal of this dismissal was dismissed by the Second Circuit for his failure to either pay the filing fee, or submit an authorization and financial affidavit.

In the context of criminal case sentencing involving a "three strikes" rule under 18 U.S.C. § 3559(c)(1), the Tenth Circuit has written that, "it is only when a defendant tenders evidence to deny the seriousness of the former convictions or to deny that the prior convictions pertained to him or her that the district court must conduct a hearing." *United States v. Oberle*, 136 F.3d 1414, 1424 (10th Cir. 1998). Here, despite the Court's *Irby* notice,[5] plaintiff has not disputed that the three prior dismissed lawsuits pertained to him, and has not disputed that they were dismissed for failure to state a cause of action. Although the Second Circuit has not addressed the evidentiary burdens where a defendant challenges a prisoner plaintiff's *in forma pauperis* status, the Ninth Circuit has. They held,

> that if defendants challenge a prisoner-plaintiff's IFP status, then the initial production burden rests with the defendants. Thus, when challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or failed to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case

---

[5]The Court Clerk mailed plaintiff a notice pursuant to *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001). The full notice is attached to this decision as Appendix A.

was dismissed because it was "frivolous, malicious or failed to state a claim."
§ 1915(g).

*Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). In this case, the Court specifically finds that the docket entries are sufficient to make the determination that plaintiff has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g)

The only exception to § 1915(g)'s "three strikes" provision is if the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff makes no claim that he faces imminent danger of serious physical injury and, after reviewing the allegations contained in plaintiff's complaint, in the Court's judgment, plaintiff's claims do not fall within the "imminent danger" exception. As the Second Circuit has made clear,

> § 1915(g) allows prisoners to escape the three strikes rule only if "the prisoner *is* under imminent danger of serious physical injury." (emphasis added). Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed. Further, "by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d [307] at 315 [(3d Cir. 2001)]. Accordingly, the language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed.

*Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). In his complaint, plaintiff's statement of claim relates only to the incident of December 2, 1997 where defendants allegedly used a chemical agent to remove plaintiff from a cell. (Compl. ¶ IV.) Nothing in

the complaint suggests that at the time it was filed, plaintiff was in imminent danger.

## CONCLUSION

The Court grants, in part, defendants' motion (# 44) and hereby rescinds that portion of it's Order (# 7) entered on February 12, 2001, granting plaintiff *in forma pauperis* status. The Court's financial records indicate that through periodic deductions from his prison account, plaintiff paid the filing fee in 2001. The remainder of defendants' motion (# 44) seeking summary judgment is denied, as is plaintiff's motion (# 33), also seeking summary judgment. The case appears ready for trial; accordingly, the Court will issue a separate pretrial order.

IT IS SO ORDERED.

Dated:   October 11, 2006
        Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Court

# APPENDIX A

# RULE 56 MOTIONS FOR SUMMARY JUDGMENT – <u>IRBY</u> NOTICE

*(See <u>Irby v. New York City Transit Authority</u>, 262 F.3d 412 (2d Cir. 2001))*

A party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).

# Failure to Respond to A Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.

## <u>Opposing Affidavits and Exhibits</u>

Therefore, if the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit.  Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit).  If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.

## <u>Statement of Material Facts Requiring a Trial</u>

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u>, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried.  *See* Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov).  **Note** that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is <u>no</u> genuine issue to be tried) <u>will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue requiring a trial.</u>

## <u>Memorandum of Law</u>

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u> answering memorandum of law, Local Rule 7.1(e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1(f). Failure to comply may result in the motion being decided against the non-complying party.

**NOTE:**  If you are the party bringing the summary judgment motion, you may file reply papers ONLY if you state on the notice of motion that you wish to do so and/or if the court order scheduling the motion gives you the opportunity for doing so.  *See* Local Rules of Civil Procedure Rule 7.1(c).